# IN THE SUPREME COURT OF THE STATE OF NEVADA

HARLAN ZACHARY TAYLOR ISKE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79112

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of child abuse.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Harlan Iske argues that the district court erred in denying his motion to suppress one of his statements made to law enforcement because he was "in custody" but had not been given *Miranda*[2] warnings.[3] "We consider the totality of the circumstances in deciding whether [a defendant] was in custody; no single factor is dispositive." *Avery v. State*, 122 Nev. 278, 286, 129 P.3d 664, 670 (2006). The relevant considerations include the site of the interrogation, whether the subject is the focus of the investigation, the length and form of questioning, and any objective indicia of arrest. *Rosky v. State*, 121 Nev. 184, 192, 111 P.3d 690, 695 (2005). This court gives deference to a district court's factual findings

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]The district court granted Iske's motion in part and denied it in part, precluding admission of statements Iske made after he was formally arrested.

20-34476

regarding the circumstances surrounding an interrogation, but reviews the legal conclusion of whether a suspect was in custody de novo. *Id.* at 190, 111 P.3d at 694.

We conclude that Iske was not in custody at the time he made the statements at issue and thus the officers were not required to give him *Miranda* warnings. The officers were notified by school personnel that Iske's daughter had injuries to her face and buttocks. After receiving differing stories about the cause of the injuries from the daughter, her sister, and/or personnel at the daughter's school, the officers continued their investigation by going to Iske's home and interviewing him, his wife, and the daughter's grandmother. The initial interview thus occurred during the fact-finding process. *See State v. Taylor*, 114 Nev. 1071, 1082, 968 P.2d 315, 323 (1998) (reiterating that an individual is not in custody for *Miranda* purposes when he is questioned during the fact-finding process). The interview occurred in the home and Iske voluntarily spoke with the officers about his daughter's injuries.[4] The questioning was brief, friendly, and conversational; no weapons were drawn; a sole suspect had not been identified; Iske interacted with his son during the interview; the scene was not police-dominated because only two police officers questioned the three adults; and Iske does not claim, and the record does not show, that the questioning included strong-arm tactics or deception. The totality of these circumstances indicates that Iske was not in custody. *See Beckwith v. United States*, 425 U.S. 341, 344 (1976) (concluding that statements made

---

[4]Iske claims that the only factor the district court considered was the location of the interview—Iske's home—and relied solely on *Avery*, 122 Nev. 278, 129 P.3d 664, in making its decision. The district court's written order belies this assertion.

SUPREME COURT
OF
NEVADA

(O) 1947A

by a defendant during an interview in his home were admissible without *Miranda* warnings because he was not in custody or deprived of his freedom of action in any significant way); *Miranda*, 384 U.S. at 450 (discussing the lesser intimidation usually felt by a person being interrogated in familiar surroundings). That officers arrested Iske after the interview does not outweigh the other facts supporting that he was not in custody during the interview. *See Avery*, 122 Nev. at 287, 129 P.3d at 670 (concluding that an interviewee who had become the focus of an investigation and was arrested after questioning was not "in custody" where the defendant invited the officers into his home and consented to the interview, and the officers did not restrain the defendant or subject him to unduly repetitive questioning).

To the extent Iske argues that the district court erred in making its decision without hearing from the officer who questioned Iske, we note that Iske contributed to the court proceeding without that testimony when he objected to the State's continuance request based on that officer's unavailability. *See Carter v. State*, 121 Nev. 759, 769, 121 P.3d 592, 599 (2005) ("A party who participates in an alleged error is estopped from raising any objection on appeal."). Regardless, the State met its evidentiary burden with testimony from the other officer present during the questioning at Iske's home. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986) (providing that the government must prove by a preponderance of the evidence that a suspect's statement was not obtained in violation of *Miranda*). And Iske's argument that the district court's findings that Iske was neither restrained nor told that he could not leave are unsupported lacks merit where testimony during the suppression hearing supported the district court's findings. *See Rosky*, 121 Nev. at 190, 111 P.3d at 694.

SUPREME COURT
OF
NEVADA

(O) 1947A

Accordingly, the district court did not err in denying Iske's suppression motion regarding statements he made before his formal arrest. Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Scott N. Freeman, District Judge
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk